IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　Case No. 1:07-1059-JDT-egb
　　　　　　　　　　　　　　　　)　　　　　　　1:05-10053-JDT
　　　　　　　　　　　　　　　　)
JAMES CLARK,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## REPORT AND RECOMMENDATION

Pro se Defendant filed a Motion pursuant to 28 U.S.C. § 2255 [D.E. 1].  The Government has responded [D.E. 8].  Presently before this Court is the Order Referring Matter to Magistrate Judge for Appointment of Counsel, an Evidentiary Hearing, and Report and Recommendation. In accord with this referral, the Court appointed Attorney David Camp to represent Defendant, and an evidentiary hearing was conducted on June 9, 2010.  At this hearing, both the Defendant and his former counsel Colin Morris testified.

## BACKGROUND

On November 14, 2005, Defendant pled guilty to the charge of felon in possession of two guns which had been shipped in interstate commerce (18 U.S.C. § 922 (g)).  At time of his sentencing on March 2, 2006, Defendant received a 90 month sentence.

Defendant now claims that he was denied effective assistance of counsel from Mr. Morris because (a) counsel failed to properly estimate the sentence he would receive on a plea and hence, his plea was not knowing and voluntary (Petition Ground  #1); (b) counsel failed to object

to the pre-sentence report "PSR" and at the time of his sentencing, to the cross-reference to drugs Defendant says he did not possess (Petition Grounds #3 and #4); and (c) failed to appeal his sentence as requested by the Defendant (Petition Ground #2).

## EVIDENTIARY  HEARING

At this Court's evidentiary hearing, Defendant testified that he, along with his girlfriend Ms. Lakisha Shields, had been arrested on state charges at the apartment they shared in Jackson, Tennessee.  Collective Exhibit 1 reveals that both were indicted in state court for possession of drugs with intent to sell or deliver, possession of a deadly weapon and tampering with evidence. Exhibit 4 is a police interview with Defendant where he admitted possessing the two guns, the drugs (crack cocaine) and $935.00 at the time of his arrest.  He also said he found the crack cocaine on the steps outside their apartment as he entered it.  Subsequently, Ms. Shields pleaded guilty to the drug possession charge only, and her charges involving the deadly weapon and tampering with evidence were dismissed.

At the evidentiary hearing, Attorney Morris testified that he had known Defendant and his family for years and had represented Defendant previously, including on these state charges. Later, all of his state charges were dismissed (*nolle prosequi*).  Attorney Morris testified that he helped negotiate that result.  The Defendant then was indicted by a federal grand jury on one count of 18 U.S.C. § 922(g).

Defendant testified concerning the above complaints against Mr. Morris.  The first allegation was that Mr. Morris was wrong in his estimation of the length of the anticipated sentence ("no more than 48 months") and that Defendant was shocked when he received 90 months.  He said that Mr. Morris failed to meet with him about the PSR and failed to file an

objection to it.  He also testified that Mr. Morris failed to object at the sentencing hearing to the cross-reference to drug possession.  Defendant stated that the drugs belonged to his girlfriend. However, prosecution rebutted, pointing to Defendant's confession wherein he admitted possessing the guns in the apartment, and the drugs and money on his person at the time of his arrest on state charges.

Next, Defendant testified that it was after sentencing in federal court that he was told by Mr. Morris that he had waived an appeal.  Contradicting that, Mr. Morris testified that after sentencing, he went to meet with Defendant and was told by Defendant that he did not want to appeal.  Mr. Morris denied that he told Defendant he had waived his right to appeal.  There was no written documentation of this discussion between the two.  During the cross-examination of Defendant at the evidentiary hearing, the U.S. Attorney reviewed the transcripts of the guilty plea hearing and the sentencing hearing.  Defendant acknowledged his responses.  At the time of his guilty plea, Defendant was advised by the District Court that he would lose his rights of appeal if he pleaded guilty [D.E. 34 at p. 8].  Additionally, Mr. Morris' affidavit in the form of a notarized letter dated November 2, 2007 [D.E. 8-1], confirms his testimony of the discussion of an appeal with Defendant and, specifically, Defendant's desire not to make an appeal.

<u>LAW AND ARGUMENT</u>

A Defendant who seeks to set aside his sentence pursuant to 28 U.S.C. § 2255 must show by a preponderance of the evidence that he is entitled to this relief.  *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).  Here, Defendant seeks this relief by alleging denial of effective assistance of counsel.

To determine whether counsel was ineffective, the court must consider the two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the court must ask whether performance of the attorney fell below an objective standard of reasonableness. *Strickland*, 466 U.S. 668 at 688. If so, then the court must consider whether the attorney's performance prejudiced the Defendant. *Id.* at 696.

In this case, the Magistrate Judge concludes that the Defendant failed to demonstrate that his counsel was ineffective and recommends that his request for relief be denied by the District Court. First, Defendant testified that his attorney Mr. Morris wrongfully estimated the sentence that could be handed down and as such, Defendant's decision to plead guilty "was not knowing and voluntary" (Petition Ground #1). In the evidentiary hearing, Mr. Morris testified he told Defendant it was "almost certain it would probably fall in the 48 month range" and testified further, "I missed it." He then said he "maybe should have objected." On cross-examination by the U.S. Attorney, the Defendant conceded he was instructed by Judge Todd on this specific issue, that his attorney may have estimated a sentence, but that it was just a prediction and it could be more or less [D.E. 34 at p. 6]. Defendant simply acknowledged the guilty plea colloquy as described without any comment or other explanation. While Mr. Morris may have "missed it," Defendant, by his response, appears to have understood Judge Todd's admonition about attorney predictions and voiced no questions or concerns. It is settled law that when there is an adequate guilty plea hearing, an erroneous prediction by the defense attorney is not a basis for invalidating a guilty plea on grounds of ineffective assistance of counsel. *See Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972).

Defendant's next complaint is that Mr. Morris did not review the PSR with him and that Mr. Morris did not object to the inclusion of the drug cross reference at sentencing which he now

4

asserts is an illegal sentence (Petition Grounds #3 and #4).  Again through questioning from the prosecutor at the evidentiary hearing, the Defendant affirmed that he told Judge Todd at the sentencing hearing that he had an opportunity to look at the PSR and to talk about it with his attorney Mr. Morris.  Further, while in the evidentiary hearing, with opportunity to provide an explanation for not raising these concerns, Defendant sat silent.  Mr. Morris testified he did go over the PSR with his client, but was not sure he gave him a copy.  He said again that he "maybe should have objected."  This Court finds no basis by which to disbelieve Mr. Morris' testimony on his PSR consultation with his client.  On the issue of the cross-reference to the drug possession for sentencing purposes, this Court finds, despite Mr. Morris' concerns over not objecting, that this was not an illegal sentence.  A defendant convicted under 18 U.S.C. § 922 (g) must be sentenced under §2K2.1, which cross-references other guideline sections to be used under particular circumstances.  Section 2K2.1 (c) is not restricted to offenses that were charged in the indictment or that result in a conviction.  *See United States v. Bronaugh*, 895 F.2d 247, 251(6th Cir. 1990).  Here, the calculation of the base offense level in the presentence report determining that Defendant Clark possessed the gun in connection with a drug trafficking offense, and the District Court's acceptance thereof, was not illegal; likewise, an objection by Mr. Morris would have been meritless and for naught.

The remaining issue (Petition Ground #2) raised by Defendant is that he lost his appeal because of his attorney's nonfeasance.  The *Strickland* test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000).   In the case at hand, Defendant would need to show either Mr. Morris disregarded his instructions to file an appeal or that he failed to consult with him about an appeal that he knew or should have known that Defendant might want to appeal.  In his petition,

Defendant states, "during and after the sentencing hearing, applicant discussed with his attorney his desire to appeal the sentence. His attorney assured him that he would indeed appeal the sentence." Thus, Defendant concedes that he talked about an appeal with his attorney. The remaining question then is whether a preponderance of the evidence establishes that Attorney Morris disregarded Defendant's instruction. Mr. Morris, as an officer of the Court, provided sworn evidence through his letter/affidavit and his testimony at the evidentiary hearing. He was subject to cross-examination by Defendant's appointed counsel. In addition, Mr. Morris had long known the Defendant's family and had represented him in the past. Given these circumstances and the evidence presented at the hearing as set forth above, this Court finds that Mr. Morris did not disregard his client's instruction to appeal and acted properly in the course of his representation of Defendant. The preponderance of the evidence supports Mr. Morris' account of why an appeal was not filed in this case.

Respectfully submitted,


**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:  **July 27, 2010**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**