IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | No. 07-1059-T-egb |
| | ) | Cr. No. 05-10053-T |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE

James Clark, Bureau of Prisons inmate registration number 20463-076, who is an inmate at the United States Penitentiary in Pine Knot, Kentucky, filed a pro se motion pursuant to 28 U.S.C. § 2255. The court issued an order directing the Government to respond to the motion. The Government filed its response on November 2, 2007. The matter was referred to Magistrate Judge Edward G. Bryant, pursuant to 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), to conduct an evidentiary hearing and issue a report and recommendation. Counsel was appointed to represent Petitioner Clark.

An evidentiary hearing was held on June 9, 2010. Subsequently, on July 27, 2010, Magistrate Judge Bryant issued a report and recommendation. Petitioner Clark filed an objection on August 9, 2010. For the reasons set forth below, the report and recommendation

is ADOPTED in its entirety, and the § 2255 motion is DENIED.

Petitioner Clark contends that his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment, when he failed to file a notice of appeal on Petitioner's behalf.  As noted by Magistrate Judge Bryant, at the time of his guilty plea, Petitioner was advised by this court that he would lose his right to appeal if he pleaded guilty and he waived that right.  Additionally, the affidavit of Petitioner's trial counsel confirms his testimony that he discussed an appeal with Petitioner and Petitioner's desire not to appeal.  Therefore, this issue is without merit.

Petitioner Clark also claims that counsel failed to properly estimate the sentence he would receive on a plea and, hence, his plea was not knowing and voluntary and that counsel failed to object to the portion of the pre-sentence report ("PSR") which cross-referenced drugs that Petitioner denied possessing.  These issues are also without merit.

At the evidentiary hearing, Petitioner conceded that he had been instructed by this court that any estimation of his sentence by his attorney was just a prediction.  An erroneous prediction by the defense attorney is not a basis for invalidating a guilty plea on grounds of ineffective assistance of counsel. See Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir. 1972).

On the issue of the cross-reference to the drug possession for sentencing purposes, this court agrees with Magistrate Judge Bryant that Petitioner did not receive an illegal sentence. A defendant convicted under 18 U.S.C. § 922 (g) must be sentenced under §2K2.1, which cross-references other guideline sections to be used under certain circumstances. Section

2K2.1 (c) is not restricted to offenses that were charged in the indictment or that result in a conviction.  See United States v. Bronaugh, 895 F.2d 247, 251(6th Cir. 1990). The calculation of the base offense level in the presentence report determining that Clark possessed the gun in connection with a drug trafficking offense and this court's acceptance thereof was not illegal, and an objection would have been without merit.

Thus, the record fails to reflect ineffective assistance of counsel as defined under Strickland v. Washington, 466 U.S. 668 (1984), or Roe v. Flores-Ortega, 528 U.S. 470 (2000), and the report and recommendation of the magistrate judge is ADOPTED in its entirety.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  See also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts.  Defendant's conviction and sentence are valid and his motion is DENIED.  The Clerk is directed to enter judgment for the Government.

Consideration must also be given to issues that might occur if Clark files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability). No § 2255 movant may appeal without this certificate.

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" <u>Slack</u>, 529 U.S. at 484 (quoting <u>Barefoot</u>, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in <u>Slack</u> held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in <u>Slack</u> would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

<u>Id.</u> at 338 (quoting <u>Barefoot</u>, 463 U.S. at 893); <u>see also</u> <u>id.</u> at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that

debate.").[1]

In this case, for the reasons previously stated, the issues raised by Clark are lacking in substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons that the court denies a certificate of appealability, the court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED. If Clark files a notice

---

[1] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE